MICHAEL B. HORROW (SBN 162917)
SCOTT E. CALVERT (SBN 210787)
DONAHUE & HORROW, LLP
1960 E. Grand Avenue, Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: mhorrow@donahuehorrow.com
Email: scalvert@donahuehorrow.com

Attorneys for Plaintiff PAM STRINGER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAM STRINGER,<br><br>      Plaintiff,<br><br>vs.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA; NSMG SHARED SERVICES, LLC GROUP DISABILITY INSURANCE PLAN; AND DOES 1 THROUGH 10<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN** |

Plaintiff PAM STRINGER alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C.§ 1132(a), (e), (f) and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ( "ERISA") as it involves a claim by Plaintiff for long-term disability benefits and waiver of life insurance premium benefits under an employee benefit plan regulated and governed by ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331 and 29 U.S.C. §1001, *et seq*, as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. § 1391(b)(2) and 29 U.S.C. §1132(e)(2), and the ends of justice so require.

3. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides the mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted. Plaintiff exhausted all administrative remedies.

4. Plaintiff is informed and believes and thereon alleges that Defendant NSMG SHARED SERVICES, LLC GROUP DISABILITY INSURANCE PLAN ("Plan") is an employee welfare benefit plan established and maintained by NSMG Shared Services, LLC, to provide its employees with monthly disability income insurance and life insurance protection, and, is the Plan Administrator.

5. Plaintiff alleges upon information and belief that Defendant GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ("Guardian"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of New York and authorized to transact and transacting the business of insurance in this state.

6. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and

COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN

DONAHUE & HORROW, LLP

1  on such information and belief alleges that each of the Defendants sued herein as a
2  DOE is legally responsible in some manner for the events and happenings referred to
3  herein, and will ask leave of this court to amend this complaint to insert their true
4  names and capacities in place and instead of the fictitious names when the same
5  become known to Plaintiff.

6      7.    Plaintiff PAM STRINGER ("Plaintiff") at relevant times was a resident
7  of Los Angeles County, and a citizen of the State of California, and a participant in
8  the Plan.

9      8.    Guardian issued Group Policy Number G-00543193 to NSMG Shared
10 Services, LLC and the eligible participants and beneficiaries of the Plan.

11     9.    The Plan provides a gross disability benefit of sixty percent (60%) of
12 Plaintiff's monthly earnings following a ninety (90) day Elimination Period, up to a
13 maximum benefit of $5,000 per month.  Based on Plaintiff's pre-disability earnings,
14 if she is disabled under the terms of the Plan, she is entitled to long-term disability
15 benefits of the maximum $5,000 per month, before offsets.

16     10.    The Plan also provides a Waiver of Premium benefit for the life
17 insurance coverage if the participant is and remains disabled.

18     11.    Pursuant to the Plan, "Disability" or "Disabled" means "that a current
19 sickness or injury causes physical or mental impairment to such a degree that the
20 covered person is: (a) not able to perform, on a full-time basis, the major duties of his
21 or her own occupation; and (b) not able to earn more than this plan's maximum
22 allowed disability earnings."

23     12.    Prior to his disability, Plaintiff was the Sales Manager for NSMG Shared
24 Services, LLC.  This position required Plaintiff meet sales quotas, and recruit, hire,
25 train and retail sales advisors.  She was required to frequently lift, carry, push and
26 pull 10 lbs., and occasionally 25 lbs.  As a sales job, Plaintiff's occupation was
27 considered to have a moderate stress level.

28     13.    On or about September 23, 2020, Plaintiff experienced an accident in her

DONAHUE & HORROW, LLP

home, in which she was slammed in the forehead by a large, 60-lb. cabinet door which broke away from the hinge, sending her to Thousand Oaks Urgent Care for immediate treatment.  Plaintiff previously had a history of concussions and whiplash, following accidents in 1986 and 1999.

14.   Plaintiff's initial symptoms following the accident included headaches, confusion and tinnitus.  When her symptoms did not subside, Plaintiff was treated at West Hills Hospital on or about October 24, 2020.

15.   While Plaintiff initially tried to continue working, eventually her symptoms became too overwhelming and she was forced to stop working as a Sales Manager for NSMG Shared Services, LLC.  Plaintiff's last full day of work was on or about November 10, 2020.  It was on or about that date that Plaintiff became "Disabled" as defined by the Plan.

16.   Plaintiff filed a claim for Social Security Disability Insurance benefits, and was determined by the Social Security Administration to be disabled and unable to perform the duties required of any gainful occupation as of about November 19, 2020.  Plaintiff also applied for, and was awarded California State Disability benefits form November 2020 to November 2021.

17.   Based upon information and belief, Plaintiff timely filed a claim for benefits under the Plan.

18.   In submitting her claim to Guardian, Plaintiff explained that she was unable to perform the duties of her occupation because of confusion caused by her brain injury.  Her symptoms included headaches, vertigo and confusion.  While she was able to perform standard activities of daily living, she presented to her doctors with a severe cognitive impairment and overall confusion that rendered her unable to perform common tasks, such as using the telephone, money management and medical management.

19.   In support of her claim, Plaintiff submitted a Guardian Attending Physician Statement form completed by Dr. Paul Dudley, a neurologist.  On the form,

1  Dr. Dudley stated that he diagnosed Plaintiff with Disorientation (ICD-10 Code
2  R41.0) as the result of a concussion, with a secondary diagnosis of dizziness. He also
3  listed Plaintiff's subjective symptoms as dizziness, decreased memory and inability
4  to concentrate. Dr. Dudley then confirmed that Plaintiff was not able to continue
5  working.

6      20.    In further support of her claim, Plaintiff also provided Guardian with her
7  medical records, which documented the accident, its aftermath and her attempt to
8  treat and manage her conditions. These included the medical records of Plaintiff's
9  primary care physician, Dr, David Vesco, who stated that she was unable to work due
10 to vertigo and memory problems as of November 11, 2020.

11     21.    Yet, despite her best efforts, Plaintiff was unable to return to work.

12     22.    On or about October 5, 2021, Guardian informed Plaintiff, via letter, that
13 it was approving her claims for long-term disability and waiver of premium benefits
14 as of February 9, 2021.

15     23.    On or about December 20, 2021, despite no significant improvement in
16 Plaintiff's health, Guardian abruptly denied her claim for both long-term disability
17 and waiver of premium benefits.

18     24.    On or about January 23, 2022, Plaintiff, with the assistance of her
19 daughter, appealed the denial of her claims for long-term disability benefits and
20 waiver of premium benefits. In the appeal letter, she again explained how the
21 accident happened, that Dr. Dudley informed her that the accident causes a brain
22 bleed and concussions leading to vertigo. She also explained to Guardian that she did
23 not understand why a nurse would deny her claim without every talking to her about
24 her accident, conditions and related symptoms.

25     25.    Guardian acknowledged receipt of the appeal on or about February 18,
26 2022.

27     26.    On or about March 17, 2022, Guardian denied Plaintiff's appeal of the
28 denial of her claims for long-term disability and waiver of premium benefits, and

DONAHUE & HORROW, LLP

1  advised that she had exhausted her administrative remedies.

2      27.   As a direct and proximate result of the Guardian's failure to continue to provide Plaintiff with long-term disability benefits and waiver of premium benefits, she has been deprived of said benefits from on or about December 9, 2021, to the present date.

    28.   As a further direct and proximate result of the denial of benefits, Plaintiff has been required to incur attorney fees to pursue this action and is entitled to have such fees paid by Defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

    29.   A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan, and thus entitled to continuing long-term disability and waiver of premium benefits. Plaintiff seeks the declaration of this Court that she meets the Plan definition of disability and thus is entitled to ongoing long-term disability and waiver of premium benefits under the Plan.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of disability benefits from December 9, 2021 to present;
2. An order determining that Plaintiff is entitled to ongoing disability benefits;
3. For reasonable attorney fees incurred in this action; and,
4. For such other and further relief as the Court deems just and proper.

DATED: January 12, 2023            DONAHUE & HORROW, LLP

                                                         MICHAEL B. HORROW
                                                         SCOTT E. CALVERT
                                                         *Attorneys for Plaintiff Pam Stringer*